UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SENAYDA RECINOS,<br><br>                    Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; NYPD CAPTAIN JULIO DELGADO; and NYPD OFFICERS JOHN DOE 1 through 6 (the name John Doe being fictitious, as their true names are presently unknown), individually and in their official capacities,<br><br>                    Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded<br><br>22-CV-4607 |

1. Plaintiff Senayda Recinos ("Plaintiff"), through her attorney, Joe Stancati, Esq., brings this action for compensatory damages, punitive damages and attorneys' fees for the wrongful and illegal acts of Defendants CITY OF NEW YORK ("CITY"), NYPD CAPTAIN JULIO DELGADO and NYPD OFFICERS JOHN DOE 1 through 6 (collectively, "DEFENDANTS"), in violation of Plaintiff's rights under New York State law and the laws and Constitution of the United States of America.

**NATURE OF THE ACTION**

2. This is an action to recover money damages on Plaintiff's behalf arising out of DEFENDANTS' violation of Plaintiff's rights upheld by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and New York State law.

1

## JURISDICTION AND VENUE

3. This action seeks redress for the violation of Plaintiff's constitutional and civil rights, pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

5. Plaintiff timely filed a Notice of Claim on January 25, 2021 with the New York City Office of the Comptroller regarding the injuries alleged herein. Thus, more than thirty days have passed since said filing. A hearing pursuant to General Municipal Law Section 50-h was conducted; Plaintiff's claim was not resolved.

6. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action that derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## JURY DEMAND

8. Plaintiff demands a trial by jury in this action.

## PARTIES

9. Plaintiff resides in the County of Queens, in the City and State of New York.

10. The events pertinent to this action occurred in Brooklyn in Kings County, and New York County, with the precipitating incident occurring in Brooklyn.

11. Defendant CITY is a municipal corporation organized under the laws of the

State of New York. Defendant CITY is authorized by law to maintain and operate the NYPD, an agency of Defendant CITY in the area of law enforcement. Defendant CITY is thereby responsible for the actions of the NYPD. The NYPD is responsible for the training, appointment, supervision, promotion and discipline of police officers and supervisory police officers, including the individually-named defendants herein.

12. Defendants NYPD CAPTAIN JULIO DELGADO and NYPD OFFICERS JOHN DOE 1 through 6, at all pertinent times, were carrying out their official duties as police officers, detectives, sergeants or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law. Those Defendants are sued in their individual and official capacities.

**FACTS**

13. Plaintiff is 24 year-old woman of Hispanic descent who lives in Queens County in the City and State of New York.

14. Plaintiff has never been convicted of any crime.

15. On October 27, 2020, at about 9:30 p.m., Plaintiff was lawfully present on the sidewalk outside of 282 Atlantic Avenue, Brooklyn, New York, 11201.

16. At said time and place, Plaintiff was exercising her First Amendment rights by participating in a demonstration opposing police misconduct against New Yorkers.

17. Upon information and belief, there were about one hundred NYPD police officers in the vicinity of where this incident occurred.

18. At said time and place, without any provocation, justification or probable cause, Defendant NYPD CAPTAIN JULIO DELGADO ("Defendant DELGADO") approached Plaintiff from behind and grabbed the hood of her hooded sweatshirt.

3

19. Defendant DELGADO forcibly pulled back on the hood, choking Plaintiff.

20. Defendant DELGADO thereby injured Plaintiff's neck, leaving burns on it where he aggressively, forcibly and unnecessarily pulled back on her on her hood and continued doing so.

21. Simultaneously, Defendant DELGADO yelled, "Arrest, Arrest!", a total of at least ten times, while four other NYPD police officers, Defendants JOHN DOE 1 through 4, ran toward Plaintiff.

22. Defendant JOHN DOE 1 forcibly pushed Plaintiff up against the glass wall of the restaurant located at said address, causing Plaintiff's face, neck and chest to be slammed against it, causing pain and injury.

23. Simultaneously, Defendant JOHN DOE 1 forcibly grabbed and restrained Plaintiff's arms, despite the fact that she was in no way resisting arrest, and was up against the glass wall into which he had already slammed her head.

24. Defendant DELGADO had not let go of and continued to hold and forcibly pull on Plaintiff's hood throughout these events.

25. After Plaintiff was already completely surrounded and restrained by five NYPD officers (Defendant DELGADO and Defendants JOHN DOE 1 through 4), Defendant JOHN DOE 5 charged the scene from a distance of about twelve feet and threw his body weight into Plaintiff, causing her head to against slam against the glass window, and then and then forcibly and aggressively grabbed her around her entire body with both of his arms.

26. Therefore, Defendant JOHN DOE 5's actions were flagrantly gratuitous, and the only foreseeable effect of them, at all, would be to inflict physical harm upon

Plaintiff, which he did.

27. Defendant JOHN DOE 6 arrived at the scene and joined Defendant DELGADO and Defendants JOHN DOE 1 through 5 in unnecessarily, forcibly grabbing and restraining Plaintiff.

28. One or more of Defendants JOHN DOE 1 through 6 brutally punched the back of Plaintiff's right arm and Plaintiff's back, causing her to suffer pain, bruising and swelling in those areas.

29. Defendants NYPD CAPTAIN JULIO DELGADO and NYPD OFFICERS JOHN DOE 1 through 6 therefore physically assaulted and physically injured Plaintiff, causing injury to her head, face, chest, neck, right arm and back.

30. Said Defendants' false arrest and use of excessive force against Plaintiff caused her to suffer the emotional injuries of extreme fear for her safety during the attack, distress, panic and anxiety.

31. Defendants' actions caused Plaintiff to suffer from increased fear of the law enforcement officers charged with enforcing the law and protecting citizens, an injury that persists to the present.

32. Plaintiff was thereafter handcuffed, falsely arrested and transported to One Police Plaza in Manhattan.

33. Plaintiff was illegally detained there, on false charges, and deprived of her liberty for several hours, while remaining handcuffed.

34. Plaintiff was released and given a Desk Appearance Ticket for the false charge of committing "civil disorder."

35. Plaintiff never had to make a court appearance, as the false charges against

her were completely dismissed in her favor.

## FIRST CLAIM
### False Arrest under 42 U.S.C. § 1983.

36. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

37. As a result of the aforementioned conduct by Defendants NYPD CAPTAIN JULIO DELGADO and NYPD OFFICERS JOHN DOE 1 through 6, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined and imprisoned by said Defendants, without any probable cause, privilege or consent.

38. Said Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

39. As a direct and proximate result of the foregoing, said Defendants deprived Plaintiff of her liberty and Plaintiff was at all times aware of her confinement. Plaintiff was subjected to handcuffing and incarceration without probable cause.

40. As a direct and proximate result of her false arrest, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community.

41. As a direct and proximate result of her false arrest, Plaintiff suffered physical discomfort, pain, pronounced fear of severe injury, ongoing mental and emotional torment, and public humiliation and embarrassment.

42. Said Defendants carried out the aforementioned acts under color of state law.

43. This false arrest of Plaintiff without probable cause or reasonable suspicion deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the

Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which said Defendants are individually liable.

44. Said Defendants' actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

45. Said Defendants are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## SECOND CLAIM
## False Arrest under New York State Law.

46. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

47. As a result of the aforementioned conduct by Defendants NYPD CAPTAIN JULIO DELGADO and NYPD OFFICERS JOHN DOE 1 through 6, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined and imprisoned by said Defendants, without any probable cause, privilege or consent.

48. Said Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

49. As a direct and proximate result of the foregoing, said Defendants deprived Plaintiff of her liberty and Plaintiff was at all times aware of her confinement. Plaintiff was subjected to handcuffing and incarceration without probable cause.

50. As a direct and proximate result of her false arrest, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community.

51. As a direct and proximate result of her false arrest, Plaintiff suffered

physical discomfort, pain, pronounced fear of severe injury, ongoing mental and emotional torment, and public humiliation and embarrassment.

52. Said Defendants carried out the aforementioned acts under color of state law.

53. This false arrest of Plaintiff without probable cause or reasonable suspicion deprived Plaintiff of rights secured by the Constitution and Laws of the State of New York, for which said Defendants are individually liable.

54. Said Defendants' actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

55. Said Defendants are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## THIRD CLAIM
### Assault under New York State Law.

56. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

57. Defendants NYPD CAPTAIN JULIO DELGADO and NYPD OFFICERS JOHN DOE 1 through 6 intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

58. Said Defendants' actions presented a grievous affront to Plaintiff.

59. Said Defendants' actions were not in furtherance of any legitimate interest and were not otherwise privileged.

60. Said Defendants' actions caused Plaintiff to suffer pronounced fear of severe injury, ongoing mental and emotional torment, and public humiliation and embarrassment.

61. Said Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

62. Said Defendants are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## FOURTH CLAIM
### Excessive Force under 42 U.S.C. § 1983.

63. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

64. The degree of force used by Defendants NYPD CAPTAIN JULIO DELGADO and NYPD OFFICERS JOHN DOE 1 through 6 was excessive, unreasonable and unwarranted.

65. Said Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

66. Said Defendants carried out the aforementioned acts under color of state law.

67. This brutal and excessive use of force against Plaintiff was committed by said Defendants without any provocation, justification, or privilege, and deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which said Defendants are individually liable.

68. As a result of the excessive force and brutality used by said Defendants, Plaintiff has endured and continues to endure serious emotional pain and suffering.

69. As a direct and proximate result of the excessive force used against Plaintiff, Plaintiff suffered severe physical pain and discomfort, including physical injuries; and ongoing mental and emotional pain, public humiliation and embarrassment.

70. All of the aforementioned acts of said Defendants constituted excessive force in violation of the Constitution of the United States and said Defendants are liable for said pain and physical and emotional injuries.

71. Said Defendants' actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

72. Said Defendants are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## FIFTH CLAIM
### Battery under New York State Law.

73. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

74. Defendants NYPD CAPTAIN JULIO DELGADO and NYPD OFFICERS JOHN DOE 1 through 6 intentionally caused and allowed Plaintiff to be struck in a harmful and grossly offensive manner, in violation of the Constitution and Laws of the State of New York.

75. Said Defendants' actions were not in furtherance of any legitimate interest and were not otherwise privileged.

76. Said Defendants' actions were reckless and unwarranted, without any just cause or provocation.

77. Said Defendants' actions caused Plaintiff to suffer severe physical pain and discomfort, including physical injuries; and ongoing mental and emotional pain, public humiliation and embarrassment.

78. Said Defendants' actions were intentional, brutal, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

79. Said Defendants' actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

80. Said Defendants are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## SIXTH CLAIM
**Intentional Infliction of Emotional Distress under New York State Law.**

81. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

82. Defendants NYPD CAPTAIN JULIO DELGADO and NYPD OFFICERS JOHN DOE 1 through 6 committed a flagrant false arrest and used excessive force against her, injuring her.

83. Any "orders" being issued by said Defendants regarding the subject citizens' demonstration were fully obeyed by Plaintiff.

84. Said Defendants chose to flagrantly, illegally arrest Plaintiff without any probable cause, reasonable suspicion, or any provocation or justification at all.

85. Said Defendants intentionally and brutally physically assaulted Plaintiff, who was exercising her rights to free speech under New York State Law by engaging in said demonstration, and not saying anything at all at the time of this incident, much less

anything provocative, and much less beyond that anything that could plausibly justify said Defendant's illegal and brutal actions which injured Plaintiff.

86. Said Defendants' actions caused Plaintiff to suffer pronounced fear of severe injury, ongoing mental and emotional torment, and public humiliation and embarrassment.

87. Said Defendants intended to cause such emotional distress to Plaintiff, or acted under circumstances that they knew or reasonably should have known made it substantially certain that Plaintiff would suffer emotional distress, or acted recklessly and with utter disregard of the consequences of their actions to Plaintiff's health and well-being.

88. Said Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

89. Said Defendants' actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

90. Said Defendants are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## SEVENTH CLAIM
### Failure to Intervene under 42 U.S.C. § 1983.

91. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

92. Any named Defendant NYPD officers, including Defendants NYPD CAPTAIN JULIO DELGADO and NYPD OFFICERS JOHN DOE 1 through 6, who were present during the incident but did not actively participate in the unlawful conduct described herein, did observe and have an opportunity to prevent such conduct, and

therefore had an affirmative duty to intervene on behalf of Plaintiff to prevent the other named Defendant NYPD officers from violating Plaintiff's rights under New York State law and the laws and Constitution of the United States of America.

93. Any such Defendants who were not so actively participating failed to so intervene.

94. As a direct and proximate result of said Defendants' abdication of their affirmative duty to so intervene on behalf of Plaintiff, Plaintiff was deprived of her liberty and suffered severe physical pain and discomfort, including physical injuries; and ongoing mental and emotional pain, public humiliation and embarrassment.

95. Said Defendants' abdication of such occurred while they were charged with carrying out their official duties, i.e., under color of state law.

96. Said abdication deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which said Defendants are individually liable.

97. Said Defendants are liable, in their individual and official capacities, for compensatory damages, in amounts to be determined at trial.

**EIGTH CLAIM**
**Municipal Liability under 42 U.S.C. § 1983.**

98. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

99. The named Defendant NYPD officers' actions alleged herein deprived Plaintiff of the rights, privileges, and immunities guaranteed to her by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

100. Said actions were committed while they were carrying out their official duties as police officers, detectives, sergeants or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law.

101. Said actions were committed pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

102. Said customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD include detaining and arresting people of minority races, specifically people who are African-American or Hispanic, without probable cause or reasonable suspicion in a disproportionately higher number than people who are white, in relation to the percentages of the New York City population represented by said races. This is in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

103. Said customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD produced a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

104. Said customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations inflicted upon Plaintiff, and the injuries suffered by her, as alleged herein.

105. Said customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind said constitutional violations.

106. The named Defendant NYPD officers, collectively and individually, while

acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

107. The named Defendant NYPD officers, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

108. All of the foregoing acts by DEFENDANTS deprived Plaintiff of federally-protected rights, including, *inter alia*, the right:

   a. To be free from search, seizure, arrest, and imprisonment not based upon reasonable suspicion or probable cause;

   b. To be free from being subjected to brutal and excessive force in an unprovoked assault by police officers; and

   c. To be free from deprivation of liberty without due process of law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against DEFENDANTS as follows:

1. Compensatory damages against all DEFENDANTS, jointly and severally;

2. Punitive damages against the named Defendant NYPD officers, jointly and severally;

3. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

4. Such other and further relief as this Court deems just and proper.

Dated:        August 4, 2022
              New York, NY

Respectfully,

_____

**Law Office of Joe Stancati**
305 Broadway, 7th Floor
New York, NY 10007
212-858-9205
joe@stancati-law-nyc.com

*Attorney for Plaintiff*